

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAKIEM EWING,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

21-CV-9750 (VB)

14-CR-0604-1 (VB)

ORDER

---

VINCENT L. BRICCETTI, United States District Judge:

Takiem Ewing ("Ewing"), currently incarcerated at U.S.P. McCreary in Pine Knot, Kentucky, pleaded guilty before this Court to two counts of carjacking resulting in death and one count of possessing and providing contraband in prison, for which he was sentenced to 384 months' incarceration. *See United States v. Ewing*, ECF 7:14-CR-0604-1, 229 (VB) (S.D.N.Y. June 20, 2019). Ewing did not appeal his judgment of conviction.

In an undated submission, received by the court's Clerk's Office on November 22, 2021, Ewing asks that the court provide him with a 28 U.S.C. § 2255 motion form and instructions for completing the form. (ECF 1.) As set forth below, the Court grants Ewing 60 days to file a formal motion under § 2255, setting forth his grounds for relief and addressing the timeliness of his motion.

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his conviction or sentence on the grounds that it violates the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion before directing an answer "[i]f it plainly

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates, that is, when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Here, judgment was entered on June 20, 2019, and Ewing's conviction became final on the date his time to file a notice of appeal expired, that is, on July 5, 2019.[1] *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (holding that "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district

---

[1] The last day for Ewing to have filed a notice of appeal fell on July 4, 2019, a legal holiday. Thus, under Fed. R. Civ. P. 6(a)(1)(C), "the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." *Id.*

2

court within 14 days ... of ... the entry of either the judgment or the order being appealed ... ."). The statute of limitations to file a § 2255 motion commenced the following day and expired one year later, on July 6, 2020. Because Ewing has not filed a § 2255 motion, the Court concludes that any motion he may eventually file would be untimely. Thus, should Ewing file a § 2255 motion, the Court is likely to deny it as untimely unless Ewing can show that extraordinary circumstances warrant the tolling of the limitation period for equitable reasons. *See Green*, 260 F.3d at 82 (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions). If applicable, Ewing should therefore allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from submitting his motion sooner.

## CONCLUSION

The Court grants Ewing 60 days from the date of this order—which is <u>January 28, 2022</u>—to file a motion under 28 U.S.C. § 2255, in which he should (1) present all his grounds for relief and any facts in support of each ground; and (2) provide any additional facts about his inability to file the motion sooner. The motion must be submitted to this Court's Pro Se Intake Unit within sixty days of the date of this order, be captioned as a "Motion" and bear the same docket number as this order. A Motion Under 28 U.S.C. § 2255 form is attached to this order, which Ewing should complete as specified above. The Court will review the motion for substantive sufficiency and issue any necessary orders. An order to answer is not required at this time.

Because Ewing has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order and its attachment to Ewing, at the following address:

Takiem Ewing, Register No. 71372-054
Unit B1-135
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY  42635

SO ORDERED:

Dated:    November 29, 2021
          White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE
Room 230

RUBY J. KRAJICK
Clerk of Court

## Instructions for Filing
## Motion under 28 U.S.C. § 2255

1. **Who should use this form**: You may use this form if you are in custody (such as in prison or subject to supervised release) based on a federal court conviction and you are asking for relief from the conviction or sentence. You must file the motion in the federal district court that entered the judgment that you are challenging and include all grounds for relief. State the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds later.

2. **Who should *not* use this form**: Do not use this form if you want to challenge the validity of a state court judgment of conviction and sentence. To challenge a state court judgment, you must first exhaust your state court remedies in the state appellate process and then file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the federal district court where your state judgment of conviction was entered. If you are in federal custody or subject to a custodial order of the United States and wish to challenge the execution – not the validity – of your federal conviction or sentence (such as, for example, that the BOP miscalculated a sentence or failed to award good time credits properly), you should file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 (For Prisoners) in the federal district court where you are confined. If you want to challenge your immigration detention, you may use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3. **Caption**: The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4. **Signature:** The petition must be signed with a pen.

5. **Fee:** There is no filing fee for a motion brought under 28 U.S.C. § 2255.

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA v. | | Movant (include name under which you were convicted) |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)
   (1) Not guilty ❑   (2) Guilty ❑   (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ❑   Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☐
9. If you did appeal, answer the following:
   (a) Name of court:
   (b) Docket or case number (if you know):
   (c) Result:
   (d) Date of result (if you know):
   (e) Citation to the case (if you know):
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know):
      (2) Result:

      (3) Date of result (if you know):
      (4) Citation to the case (if you know):
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

Case 7:14-cr-00604-VB   Document 281   Filed 11/29/21   Page 8 of 18
Page 4

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ☐   No ☐

    (2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground One:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No ☐
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏  No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏  No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏  No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏  No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏  No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):








(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐  No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:



(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐  No ☐
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?
　　Yes ☐　No ☐
(4) Did you appeal from the denial of your motion, petition, or application?
　　Yes ☐　No ☐
(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
　　Yes ☐　No ☐
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

Page 12

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.