UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                                  :         **ORDER**
v.                                                :
                                                  :         S6 14 CR 604-1 (VB)
TAKIEM EWING,                     :
                      Defendant.    :
--------------------------------------------------------x

       By motion dated March 2, 2024, defendant Takiem Ewing seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. (Doc. #322). The motion is DENIED because Ewing is not eligible for a sentencing reduction under Amendment 821.

       Part A of Amendment 821 retroactively amended Guidelines Section 4A1.1 by eliminating up to 2 criminal history points, called "status points," if a defendant received status points for committing the offense while under a criminal justice sentence. Part B of Amendment 821 retroactively amended the Guidelines by creating a new Section 4C1.1, which provides for a two-level decrease in offense level for certain defendants with zero criminal history points who meet specified eligibility criteria.

       Ewing was sentenced on June 13, 2019, after pleading guilty to two separate counts of carjacking resulting in death and one count of possessing and providing contraband in prison. The relevant facts are as follows: On August 5, 2014, Ewing and his co-conspirators hailed a livery cab driven intending to use the car to commit armed robberies. The driver was told to drive to a secluded area of the Bronx, where he was shot and killed by Ewing's co-conspirator. Thereafter, Ewing and his co-conspirators robbed two stores at gunpoint, during which Ewing possessed a firearm and his co-conspirator pistol-whipped an innocent bystander. One week later, on August 12, 2014, Ewing and the same co-conspirators carjacked another livery cab intending to use it to rob a jewelry store. Shortly thereafter, the driver was shot and killed by Ewing's co-conspirator. While awaiting trial, Ewing arranged to smuggle K2 into prison and distributed it to other inmates, at least two of whom fell ill.

       At sentencing, Ewing's final offense level was 42. Because he had zero criminal history points, he was in Criminal History Category I. At Level 42, Criminal History Category I, Ewing's sentencing range was 360 months to life imprisonment. He was sentenced to 384 months' imprisonment.

       Ewing does not qualify under Part A of Amendment 821 because he did not receive any status points.

       Ewing also does not qualify under Part B of Amendment 821—the zero-point offender provision—because he does not meet several of the eligibility criteria set forth in Section 4C1.1. Specifically, Ewing used violence or credible threats of violence in connection with the offense,

1

the offense resulted in death or serious bodily injury, and he possessed a firearm in connection with the offense.  USSG § 4C1.1(a)(3), (a)(4), (a)(7).

In short, Amendment 821 did not lower Ewing's sentencing range, and therefore he is not eligible for a reduction of sentence pursuant to Section 3582(c)(2).

Accordingly, the motion is DENIED.[1]

Chambers will mail a copy of this Order to Ewing at the following addresses:

Takiem Ewing, Reg. No. 71372-054
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101

Takiem Ewing, Reg. No. 71372-054
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521

Dated: March 21, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] Ewing also seeks the appointment of counsel.  Because he is plainly ineligible for a sentencing reduction under Amendment 821, that application is DENIED.